Approved: _____
Christopher D. Brumwell
Assistant United States Attorney

Before:   HONORABLE PAUL E. DAVISON
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - x
                                :
UNITED STATES OF AMERICA        :   **SEALED COMPLAINT**
                                :
        - v. -                  :   Violation of
                                :   18 U.S.C. §§ 641 & 2
KURT BUSH,                      :
                                :   COUNTY OF OFFENSE:
        Defendant.              :   WESTCHESTER
                                :
- - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:      18 M 9764

        TONYA PERKINS, being duly sworn, deposes and says that she is a Special Agent with the United States Social Security Administration, Office of Inspector General ("OIG"), and charges as follows:

COUNT ONE
(Theft of Government Funds)

        1.    From at least in or about February 2015 up to and including in or about July 2018, in the Southern District of New York and elsewhere, KURT BUSH, the defendant, did embezzle, steal, purloin, and knowingly convert to his use and that use of another, and without authority, did sell, convey, and dispose of records, vouchers, money and things of value of the United States, and a department and agency thereof, to wit, the United States Social Security Administration, which exceeded the sum of $1,000, and did receive, conceal, and retain the same with intent to convert it to his own gain, knowing it to have been embezzled, stolen, purloined and converted, to wit, the defendant possessed and used for his own benefit Social Security benefits that did not belong to him.

        (Title 18, United States Code, Sections 641 and 2.)

1

The bases for my knowledge and for the foregoing charges are, in part, as follows:

2. I am currently employed as a Special Agent with OIG, and have participated in the investigation of this case. This affidavit is based upon my personal knowledge, my review of documents and other evidence, and my conversations with other law enforcement officers and other individuals. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions and statements of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. Based on my review of records maintained by the Social Security Administration (the "SSA"), I have learned, among other things, that:

   a. Since at least in or about December 2002, the SSA issued Social Security survivors benefits (the "Benefits") for a relative ("Relative-1") of KURT BUSH.

   b. Since at least on or about December 2011, the SSA issued the Benefits by making monthly electronic deposits into a Hudson Valley Federal Credit Union checking account (the "HVFCU Account").

   c. According to Relative-1's death certificate, on or about January 30, 2015, Relative-1 passed away.

   d. Although the SSA received notice of Relative-1's death, the SSA continued depositing the Benefits into the HVFCU Account until July 2018 due to an error in recordkeeping.

   e. Although the amount of the Benefits varied, after on or about January 30, 2015 and up to and including July 2018, the amount of the Benefits was not less than $1,400 per month. In total, during this period, not less than approximately $58,800 in Benefits were issued in the name of Relative-1 and deposited into the HVFCU Account.

4. Based on my review of records maintained by Hudson Valley Federal Credit Union ("HVFCU"), correspondence with an employee of HVFCU ("Employee-1"), and a conversation

2

with an employee of HVFCU ("Employee-2"), I have learned, in substance and in part, the following:

        a. The HVFCU Account is held in the name of Relative-1 in care of KURT BUSH.

        b. The mailing address for the HVFCU Account is an address in Wingdale, NY (the "Dutchess County Address"). Monthly statements for the HVFCU Account were sent to the Dutchess County Address from at least on or about January 31, 2015 until on or about July 31, 2018.

        c. On or about January 30, 2015, the balance in the HVFCU Account was approximately $1,313.39. Despite the monthly deposits of the Benefits by the SSA in an amount not less than $1,400, the balance of the HVFCU Account was approximately negative $15.22 on or about April 31, 2015, and on or about July 31, 2018, the balance of the HVFCU Account was approximately $4,139.67.

        d. Since at least in or about February 2015, up to and including July 2018, funds were withdrawn from the HVFCU Account through, among other things, checks written against the HVFCU account made payable to "cash" or KURT BUSH. For example, in or around April 2017, over approximately $4,000 was withdrawn from the HVFCU Account through checks written to KURT BUSH.

        e. According to correspondence I received from Employee-1, KURT BUSH was removed from the HVFCU Account as a joint owner prior to Relative-1's death, and the account was solely owned by Relative-1.

        f. According to a conversation I had with Employee-2, Hudson Valley Federal Credit Union was not notified of Relative-1's death.

        g. Other than the Benefits, and dividends paid by HVFCU that amounted to less than $2 per year, no other deposits were made into the HVFCU Account between on or about January 30, 2015 and July 31, 2018.

        5. On or about October 25, 2018, I visited the Dutchess County Address. While there, I met with KURT BUSH, the defendant. I identified myself as a Special Agent with OIG, and asked BUSH if he would agree to be interviewed. BUSH agreed, and stated, in sum and substance, that:

        a. He resided at the Dutchess County Address.

        b. He was related to Relative-1.

        c. Relative-1 passed away on or about January 30, 2015.

        d. BUSH received and reviewed statements from the HVFCU Account after Relative-1's death.

        e. BUSH became aware, in at least some point in 2016, that the HVFCU Account contained Social Security benefits for Relative-1.

        f. BUSH never informed the SSA that the Benefits were being deposited into the HVFCU Account after Relative-1's death.

        g. BUSH withdrew funds from the HVFCU Account by signing Relative-1's name to checks he wrote to himself or to cash against the HVFCU Account, knowing that the funds so withdrawn had been deposited into the HVFCU Account by the SSA for Relative-1, not for BUSH's personal use. BUSH signed Relative-1's name to such checks in order to prevent detection of the fact that Relative-1 had passed away.

    WHEREFORE, I respectfully request that a warrant be issued for the arrest of KURT BUSH, the defendant, and that he be arrested and imprisoned or bailed, as the case may be.

                                          TONYA PERKINS
                                          Special Agent
                                          Social Security Administration
                                          Office of Inspector General

Sworn to before me this
16th day of November, 2018

HONORABLE PAUL E. DAVISON
United States Magistrate Judge
Southern District of New York